IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 6, 2004

## CHRISTOPHER A. WILLIAMS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P 21727     J. C. McLin, Judge**

**No. W2003-00676-CCA-R3-PC  - Filed May 6, 2004**

The Appellant, Christopher A. Williams, brings this appeal as of right from the Shelby County Criminal Court's denial of his petition for post-conviction relief.  Williams was convicted of attempted aggravated robbery and felony murder.  On appeal, he argues that the post-conviction court erred by denying his motion for an *ex parte* hearing and for investigative services.  After a review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Paul K. Guibao, Memphis, Tennessee, for the Appellant, Christopher Williams.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and Ray Lepone, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Appellant, who was fourteen years old at the time of the offenses, was indicted for first degree murder, felony murder, and attempted aggravated robbery and was tried as an adult.  His first trial resulted in a hung jury.  In his second trial, the jury could not reach a verdict on either of the murder indictments but found the Appellant guilty of attempted aggravated robbery.  The Appellant was sentenced as a Range I offender to six years in the County Workhouse and fined $1,000.00.  At a third trial, the Appellant was convicted of felony murder, and he was sentenced to life imprisonment.  The Appellant's convictions were affirmed on direct appeal. *See State v. Christopher*

*A. Williams*, No. 02C01-9711-CR-00440 (Tenn. Crim. App. at Jackson, Dec. 10, 1998), *perm. to appeal denied*, (Tenn. 1999) (felony murder conviction); *State v. Christopher A. Williams*, No. 02C01-9711-CR-00427 (Tenn. Crim. App. at Jackson, July 29, 1998), *perm. to appeal denied*, (Tenn. 1999) (attempted aggravated robbery conviction).

The relevant facts, as summarized by this court in the Appellant's direct appeal of his murder conviction, reflect that the Appellant, in the presence of his mother and brother, gave a statement to the police admitting his involvement in the crimes. According to the statement, he and a man called "Black" were walking together when they saw a man walking toward them. "Black" said to the Appellant, "let's rob that man," and handed the Appellant a pistol. The Appellant called the man over to him and when the man approached, he

> put the pistol up and pointed at this man's upper body. [The victim] pushed the pistol in my hand down toward his legs, then I pulled the trigger and he was shot in the leg. Then [the victim] started running towards the church. I blasted the gun three (3) more times. Then the [victim] was still running and I ran out of bullets and the [victim] kept running to the side of the church and the [victim] fell face down in the grass on the side of the church. I saw him on the ground crawling[.]

*Christopher A. Williams*, No. 02C01-9711-CR-00440.

On August 6, 1999, the Appellant filed a petition for post-conviction relief. Following the appointment of counsel, an amended petition was filed, wherein he alleged that he received the ineffective assistance of counsel and was denied a proper juvenile transfer hearing. Thereafter, counsel filed a "Motion for Order Authorizing Expenditure of Funds." On December 18, 2001, a hearing was held on the motion, and the post-conviction court took the motion under advisement. Prior to the presentation of proof at the evidentiary hearing, the post-conviction court orally advised the parties that the motion was denied but provided that this ruling could be revisited subject to the proof presented.[1]

On August 22, 2002, an evidentiary hearing was held, at which the Appellant, the Appellant's mother, and trial counsel testified. The post-conviction court denied relief by written order on February 6, 2003. This timely appeal followed.

---

[1]The court reasoned that:

> I would want to have a hearing. I want to hear from the lawyer, what he was asked to do by the client and what he, in fact, did. And at that point we'll make a determination and if we need to proceed further, I wouldn't cut you off at that point.

**ANALYSIS**

The Appellant argues that the post-conviction court erred in denying his request for funds "[f]or purposes of hiring an investigator to conduct a factual investigation into this case in order to meet the requirements of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), up to $1,000.00." The Appellant seeks investigative funds to locate three witness in order to support his ineffective claim. He asserts that Melvin Bell and Greg Franklin would support his alibi defense and could discredit a portion of his statement. With regard to a third witness, Brody Moore, the Appellant contends that Moore was responsible for the murder and attempted robbery. The post-conviction court remained unconvinced and denied the Appellant's request.

Initially, we are constrained to note that the issue raised by the Appellant is not proper for review within a Rule 3 appeal as of right. Tenn. R. App. P. 3. Post-conviction proceedings are available only to challenge the abridgment of a constitutional right within the conviction or sentencing process at the trial level. Tenn. Code Ann. § 40-30-103 (2003). The alleged error here occurred not within the trial process but within the post-conviction process. As such, this ancillary issue should have been pursued within the context of an interlocutory appeal, as provided by Tennessee Rules of Appellate Procedure 9 and 10, prior to the presentation of proof. Notwithstanding, we elect review of the issue, which is performed under an abuse of discretion standard. *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000).

Section 5(a) of Tennessee Supreme Court Rule 13 gives discretion to a trial court to authorize expert services only in "the trial and direct appeals of all criminal cases in which the defendant is entitled to appointed counsel and in the trial and appeals of post-conviction proceedings in capital cases[.]" R. Tenn. Sup. Ct. 13, § 5(a). In *State v. Barnett*, 909 S.W.2d 423, 431 (Tenn. 1995), our supreme court concluded that the federal constitution entitled a defendant in a noncapital case to a state-funded psychiatric expert and established the procedures for doing so. Generally, the trial court is required to conduct an *ex parte* hearing on such a request after an indigent defendant "in a written sealed motion to the trial court alleges particular facts and circumstances that raise the question of the defendant's sanity." *Id*. at 429-30. However, in *Davis v. State*, 912 S.W.2d 689, 695 (Tenn. 1995), in response to a post-conviction petitioner's request, following a rape conviction, for a "scientific analysis of petitioner's bodily fluids," the court concluded that he was not entitled to such testing at state expense. The court stated "that the state is not required to provide expert assistance to indigent non-capital post-conviction petitioners." *Id*. at 696-97.

Furthermore, when, as in this case, a claim of ineffective assistance of counsel is predicated on a failure to investigate, the Appellant is obligated to show what a reasonable investigation would have revealed. *Richard Leonard Mendoza v. State*, No. M2001-01855-CCA-R3-CD (Tenn. Crim. App. at Nashville, Mar. 28, 2003), *perm. to appeal denied*, (Tenn. 2003) (citing *Owens v. State*, 13 S.W.3d 742, 756 (Tenn. Crim. App. 1999)). The Appellant failed to make the requisite showing in connection with his claims. As the Appellant admits, it is unlikely that Brody Moore would have confessed to being the perpetrator of the crimes. The Appellant presented his version of the events to the jury, including that Brody Moore coerced him into confessing by threatening his family. An

alibi defense was presented to the jury through the testimony of the Appellant's mother and sister. Melvin Bell and Greg Franklin would have been cumulative alibi witnesses, and the Appellant could only hypothesize as to whether either of them had spoken with Moore about his involvement in the crime. Regarding the Appellant's assertion that Bell and Franklin could discredit a portion of the Appellant's statement, the portion referenced is inconsequential and not outcome affecting. "Unsupported assertions that [an] expert is necessary to counter the State's proof are not sufficient." *Scott*, 33 S.W.3d at 753 (quoting *Barnett*, 909 S.W.2d at 431). Moreover, even if this indigent Appellant had the right to the services of an investigator as a result of his post-conviction claim, we could not conclude that the post-conviction court erred in not providing this service. *Antoine Harbison v. State*, No. M2001-00887-CCA-R3-CD (Tenn. Crim. App. at Nashville, Apr. 10, 2002), *perm. to appeal denied*, (Tenn. 2002).

The Appellant also argues that he was denied an *ex parte* hearing on this matter. However, nowhere in the record does the Appellant request an *ex parte* hearing. This issue is without merit. Tenn. R. App. P. 36(a) (nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error).

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the post-conviction court is affirmed.

_____

DAVID G. HAYES, JUDGE